UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

---

| | |
|---|---|
| WASTE COMMANDERS, LLC | CIVIL ACTION NO. 14-938 |
| VERSUS | JUDGE ELIZABETH FOOTE |
| BFI WASTE SERVICES, LLC D/B/A REPUBLIC SERVICES OF SHREVEPORT-MINDEN, ALLIED WASTE SERVICES OF SHREVEPORT-MINDEN, AND WEBSTER PARISH LANDFILL, LLC | MAGISTRATE JUDGE HORNSBY |

---

## MEMORANDUM RULING

Before the Court is a motion to dismiss filed by the Defendants, BFI Waste Services, LLC d/b/a Republic Services of Shreveport-Minden, Allied Waste Services of Shreveport-Minden, and Webster Parish Landfill, LLC (collectively, "BFI").[1] In this motion, Defendants seek to dismiss all claims filed against them by the Plaintiff, Waste Commanders, LLC ("Waste Commanders"). The Plaintiff opposes the Defendants' motion.[2] For the reasons that follow, the Defendants' motion to dismiss [Record document 23] shall be **GRANTED** in part and **DENIED** in part.

**I.    FACTUAL BACKGROUND.**

The Webster Parish Police Jury (the "Parish") owns a landfill in Webster Parish, Louisiana, which is known as the Webster Parish Sanitary Landfill (the "Landfill").[3] The

---

[1] Record Document 23.

[2] Record Document 26.

[3] Record Document 1-1, p.3, ¶2.

Parish entered into a contract with BFI, through a predecessor in interest, to operate the landfill.[4] This contract was entered into the Mortgage Records of Webster Parish Clerk of Court on August 12, 1997 and has a term of twenty-five years.[5] The contract includes a provision that states "[BFI] warrants that its rate structure will treat all haulers equally" when depositing waste in the landfill.[6]

Waste Commanders is one of several companies that collects waste from residents in Webster Parish and then hauls that waste to the Landfill.[7] In addition to operating the Landfill, BFI also operates a hauling business that deposits waste into the Landfill.[8] Waste Commanders filed suit against the Defendants in the 26th Judicial District Court in Webster Parish.[9] In its complaint, Waste Commanders argues that BFI charges itself a lower rate than it charges to other haulers that use the Landfill and that this unequal rate structure is in violation of the contract between BFI and the Parish.[10] Additionally, Waste Commanders argues that the unequal rate structure is an unfair method of competition and an unfair and deceptive practice that is unlawful under the Louisiana Unfair Trade Practices Act, La. R.S.

---

[4] Id. at ¶3.

[5] Id.

[6] Id. at ¶5.

[7] Id. at ¶4.

[8] Id.

[9] Record Document 1.

[10] Id. at ¶6-8.

51:1401, et seq. ("LUTPA").[11] The Defendants removed the matter to this Court and then filed the pending motion to dismiss.[12]

## II. LAW AND ANALYSIS.

Federal Rule of Civil Procedure 8 requires a short and plain statement of the claim showing the pleader is entitled to relief. A complaint is not required to contain detailed factual allegations, however, "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007)(internal marks and citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2008) (internal marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. This plausibility requirement "asks for more than a sheer possibility that a defendant has acted unlawfully." Id. However, the complaint cannot be simply "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." Id.

As the Fifth Circuit has explained, in order to survive a 12(b)(6) motion, "the complaint must contain either direct allegations on every material point necessary to sustain a recovery or contain allegations from which an inference fairly may be drawn that

---

[11] Id. at ¶9.

[12] Record Documents 1 & 23.

evidence on these material points will be introduced at trial." Rios v. City of Del Rio, 444 F.3d 417, 420–21 (5th Cir. 2006) (internal marks and citation omitted). Moreover,

> a statement of facts that merely creates a suspicion that the pleader might have a right of action is insufficient. Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. The court is not required to conjure up unpled allegations or construe elaborately arcane scripts to save a complaint. Further, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.

Id. at 421 (internal marks and citations omitted).

Here, Plaintiff argues that by charging variable pricing rates, BFI has breached its contract with the Parish and has violated LUTPA. BFI argues that both of Plaintiff's claims fail because Waste Commanders is not a party to the contract or a third party beneficiary under the contract. BFI also argues that Plaintiff's LUTPA claim fails because it has not alleged the necessary elements for a claim of unfair competition. The Court will address each claim in turn.

### A.    Breach of Contract

As described above, the contract between the Parish and BFI provides that "[BFI] warrants that its rate structure will treat all haulers equally." Neither party argues that the contractual language in question is ambiguous, and the Court agrees that the language is unambiguous. Therefore, the Court may construe the language as a matter of law. Wooley v. Lucksinger, 2009-0571 (La. 4/1/11); 61 So. 3d 507, 558; Preston Law Firm, L.L.C. v. Mariner Heath Care Mgmt. Co., 622 F.3d 384, 391-92 (5th Cir. 2010).

It is also undisputed that Waste Commanders is not a party to the contract. "[N]o action for breach of contract may lie in the absence of privity of contract between the

parties." <u>Pearl River Basin Land & Dev. Co. v. State of Louisiana</u>, 2009-0084 (La. App. 1 Cir. 10/27/09); 29 So. 3d 589, 593. The Louisiana Civil Code recognizes the creation of a contractual benefit for a third party, referred to as a stipulation *pour autrui*, but does not provide an analytic framework for determining whether a third party beneficiary contract exists. <u>See</u> La. Civ. Code art. 1978. However, the Louisiana Supreme Court has determined there are three criteria to consider when determining whether contracting parties have provided a benefit for a third party: "1) the stipulation for a third party is manifestly clear; 2) there is certainty as to the benefit provided the third party; and 3) the benefit is not a mere incident of the contract between the promisor and the promisee." <u>Joseph v. Hosp. Serv. Dist. No. 2 of Parish of St. Mary</u>, 2005-2364 (La. 10/15/06); 939 So. 2d 1206, 1212. Courts should analyze whether a third party beneficiary contract exists on a case by case basis, and "[e]ach contract must be evaluated on its own terms and conditions in order to determine if the contract stipulates a benefit for a third person." <u>Id.</u> The party claiming the benefit bears the burden of proof, and a third party beneficiary is never presumed. <u>Id.</u>

The Louisiana Supreme Court found that as to the first element, "[t]he most basic requirement of a stipulation *pour autrui* is that the contract manifest a clear intention to benefit the third party; absent a clear manifestation, a party claiming to be the third party beneficiary cannot meet his burden of proof." <u>Joseph</u>, 939 So. 2d at 1212. "[T]here must be a clear expression of intent to benefit the third party" to establish a stipulation *pour autrui*. <u>Stall v. State Farm Fire & Cas. Co.</u>, 2008-0649 (La. App. 4 Cir. 10/29/08); 995 So. 2d 670, 674. As to the second element, "[t]o create a legal obligation as to the beneficiary

there must be certainty as to the benefit to accrue to the beneficiary." Joseph, 939 So. 2d at 1212 (quoting Berry v. Berry, 371 So. 2d 1346, 1347 (La. App. 1 Cir. 1979)).

Finally, for the third element, the court found that "'[N]ot every promise, performance of which may be advantageous to a third person, will create in him an actionable right. The problem is to separate the cases where an advantage has been stipulated from those where the advantage relied upon is merely an incident of the contract between the parties.'" Joseph, 939 So. 2d at 1212-13 (citing Smith, Third Party Beneficiaries in Louisiana: The Stipulation Pour Autrui, 11 Tul. L. Rev. 18 (1936)). "[T]he third-party benefit must form the 'condition or consideration' of the contract in order for it to be a stipulation pour autrui." Jeansonne v. Cox Enter., Inc., No. 11-2917, 2014 WL 2898456, at *4 (E.D. La. June 25, 2014)(quoting New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co., 732 F.2d 452, 467 (5th Cir. 1984)). When a court determines whether the benefit was the condition or consideration of the contract, it must examine the relationship between the promisee and the third person and whether the contract was made to obtain the discharge of any legal obligation owed by the promisee to the third party. City of Shreveport v. Gulf Oil Corp., 431 F.Supp. 1, 4 (W.D. La. 1975).

The Court finds Waste Commanders has alleged sufficient facts to satisfy the first element of the Joseph test. The contract between the Parish and BFI includes a provision that provides a benefit for "all haulers."[13] Waste Commanders is a hauler of waste in Webster Parish, and as such, the contract manifests a clear intention to benefit a third party like Waste Commanders. As to the second element, the Court finds that it has clearly

---

[13] Record Document 1-1, at ¶5.

been met. The contract at issue provides a benefit to third parties because it requires hauling rates be equalized among competitors, including Waste Commanders.

Finally, Waste Commanders has alleged sufficient facts necessary to satisfy the third element required to find a stipulation *pour autrui* in the contract. Waste Commanders has demonstrated that the benefit it would derive under the contract is more than simply incidental to the contract. Although not specifically argued by Waste Commanders, the Court finds that by endeavoring to operate a landfill for the benefit of its citizens, the Parish would have in the normal course of business entered into contracts with haulers such as Waste Commanders for the disposal of waste. Stated another way, the operation of a landfill necessarily involves entering into contracts with waste haulers. Thus, under the facts alleged, the Parish would have a obligation to Waste Commanders and other haulers. When the Parish entered into the contract with BFI, it was discharging its obligation to run the landfill and engage in business with all of the waste haulers in the area, including Waste Commanders. As a part of its obligation to operate the landfill, the Parish included a provision in the contract requiring that BFI treat all haulers, including Waste Commanders, equally. The Court finds this provision forms a "condition or consideration" of the contract, and Waste Commanders' benefit is not merely incidental to the contract.

Considering the above, the Court finds that Waste Commanders has alleged sufficient facts to support an argument that it is a third party beneficiary under the contract between the Parish and BFI, and accordingly, BFI's motion to dismiss Waste Commanders' breach of contract claim shall be denied.

B.  **LUTPA**

LUTPA provides a cause of action for "any person who suffers any ascertainable loss of money or movable property ... as a result of the use or employment by another person of an unfair or deceptive method, act, or practice declared unlawful by [the Act]." La. R.S. § 51:1409. "The real thrust of the LUTPA, modeled after Federal Trade Commission Act, 15 U.S.C. § 45, is to deter injury to competition." Omnitech Intern., Inc. v. Clorox Co., 11 F.3d 1316, 1331 (5th Cir. 1994). Louisiana jurisprudence has left the determination of what is an unfair trade practice to the courts to decide on a case by case basis but have offered some limiting guidelines. Turner v. Purina Mills, Inc., 989 F.2d 1419, 1422 (5th Cir. 1993). "Specifically, to establish that a defendant's business actions were 'unfair,' the plaintiff must demonstrate that they offended 'established' public policy and were 'immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers.'" Omnitech, 11 F.3d at 1332 (quoting Monroe Med. Clinic, Inc. v. Hosp. Corp. of Am., 522 So. 2d 1362, 1365 (La. App. 2 Cir. 1988)).

Where there is evidence of fraud or specific intent to injure a competitor, the courts have been more willing to apply LUTPA. Id. (citing Chem. Dist., Inc. v. Exxon Corp., 1 F.3d 1478, 1485-86 (5th Cir. 1993)(noting evidence of deception and specific jury finding of bad faith)); Roustabouts v. Hamer, 447 So. 2d 543, 549 (La. App. 1 Cir. 1984)(finding the defendants exhibited a "clear intent to decimate the plaintiff's business for their own gain."); Head v. Waggoner, 552 So. 2d 599, 604 (La. App. 2 Cir. 1989)(plaintiff presented ample evidence of fraud by the defendant); Dufua v. Creole Engig., Inc., 465 So. 2d 752, 758 (La.

App. 5 Cir. 1985)(finding the defendant solicited and diverted business from former employer while still employed).

LUTPA does not prohibit sound business practices, the exercise of permissible business judgment, or appropriate free enterprise transactions. "The statute does not forbid a business from doing what everyone knows a business must do: make money. Businesses in Louisiana are still free to pursue profit, even at the expense of competitors, so long as the means used are not egregious." Turner, 989 F.2d at 1422. Additionally, "the statute does not provide an alternate remedy for breaches of contract." Id. "An intent to eliminate competition alone is also insufficient to constitute a LUTPA violation...." CheckPoint Fluidic Sys. Int'l., Ltd. v. Guccione, No. 10-4505, 2011 WL 3268386, at *10 (E.D. La. July 28, 2011)(citing Turner, 989 So. 2d at 1423).

Plaintiff's complaint states that "[BFI] has an unfair competitive advantage" and the "unequal rates charged to haulers using the Webster Parish landfill is an unfair method of competition and an unfair and deceptive practice that is unlawful" under LUTPA.[14] Plaintiff alleges that it has suffered economic loss and damages as a result of the Defendants' unequal rate charges.[15] Plaintiff concedes that BFI is not in violation of LUTPA by simply owning the Landfill and then entering the hauling business. Instead, Plaintiff argues that BFI violated LUTPA by owning the landfill, entering the hauling business, and then charging itself a lower rate than other haulers, in violation of its contract with the Parish.[16]

---

[14] Record Document 1-1, ¶ 7- 9.

[15] Id. at ¶ 9.

[16] Record Document 26, pp. 7-8.

Although Plaintiff argues that the fact that Defendant is charging itself a lower rate than it charges other haulers is egregious and unfair, the Court finds that BFI's conduct does not rise to the level required to implicate a violation of LUTPA. The Plaintiff does not make an allegation of fraud or present a picture of deceptive activity. Absent the contract provision, Plaintiff's allegations that BFI charges itself a lower rate than other haulers is nothing more than engaging in competitive business activity, at the expense of its competitors. BFI's practice of charging variable rates to different haulers, to its own financial benefit, is not egregious, immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers.

The Plaintiff's only argument that these actions are a violation of LUTPA is based upon the fact that BFI allegedly violated its contract with the Parish. However, the law in Louisiana is clear that LUTPA does not provide an alternative remedy for a simple breach of contract. Turner, 989 F.2d at 1422 (citing State v. Orkin Exterminating Co., 528 So. 2d 198, 202 (La. App. 4 Cir. 1988)). The Turner court stated that "[t]here is a great deal of daylight between a breach of contract claim and the egregious behavior the statute proscribes." Id. Considering all of the above, the Court finds that the Plaintiff has not alleged sufficient facts to maintain a LUTPA claim against BFI, and as such, Plaintiff's LUTPA claim shall be dismissed.

### C.   Leave To Amend

If the Court finds that the Plaintiff has not stated a claim in its original and amended petition, Plaintiff requests leave to amend.[17] Defendants oppose amendment to the

---

[17] Record Document 26.

complaint because they argue any amendment would be futile.[18] Rule 15 of the Federal Rules of Civil Procedure states that a court should freely give a party leave to amend its complaint when justice so requires. However, it is within a court's discretion whether it will grant or deny leave to amend, particularly when the proposed amendment is futile. Gardemal v. Champion Tech., Inc., No. 13-cv-02643, 2014 WL 791538, at *1 (W.D. La. Feb. 25, 2014). An amendment would be futile when "the amended complaint would fail to state a claim upon which relief could be granted." Id. (quoting Stripling v. Jordan Prod. Co., 234 F.3d 863, 873 (5th Cir. 2000)). In evaluating the futility of an amendment, the court applies the same standard of legal sufficiency that applies under Federal Rule of Civil Procedure 12(b)(6).

    Plaintiff has alleged sufficient facts to support a claim for breach of contract against BFI, and therefore, there is no need to amend its complaint as to that claim. However, Plaintiff has not alleged any additional facts in its complaint, amended complaint or opposition to the motion to dismiss which would indicate that it has further evidence of actions on behalf of the Defendants that "offended established public policy and were immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers" as required by LUPTA. Omnitech, 11 F.3d at 1332 (internal marks omitted). As such, the Court is not convinced that allowing the Plaintiff to amend its complaint yet again would produce any further evidence of a LUTPA violation by BFI. Therefore, Plaintiff's request for leave to amend its Complaint is shall be denied.

---

[18]Record Document 27, p. 9.

### III. CONCLUSION.

For the foregoing reasons,

**IT IS ORDERED** that Defendants' motion to dismiss Plaintiff's LUTPA claim is hereby **GRANTED** and that claim by the Plaintiff is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Defendants' motion to dismiss Plaintiff's breach of contract claim is hereby **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's request for leave to amend its Complaint is **DENIED**.

**THUS DONE AND SIGNED** on this 2nd day of March, 2015.

ELIZABETH E. FOOTE
UNITED STATES DISTRICT JUDGE