UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| WASTE COMMANDERS, LLC | CIVIL ACTION NO. 14-cv-0938 |
| VERSUS | JUDGE FOOTE |
| BFI WASTE SERVICES, LLC | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Waste Commanders, LLC filed this civil action in state court against BFI Waste Services, LLC. BFI removed the case based on an assertion of diversity jurisdiction and properly stated in its notice of removal that the citizenship of the LLCs is based on the citizenship of their members. Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077 (5th Cir. 2008). BFI then identified the members of each LLC and alleged their citizenship in accordance with the appropriate rules. Those allegations showed that Waste Commanders is a citizen of Louisiana, and BFI is a citizen of Arizona and Delaware.

After the case was removed, Waste Commanders filed a Motion to Amend Complaint (Doc. 15) by which it proposed to add new defendant Webster Parish Landfill, LLC. The court allowed the amendment, which alleges that Webster Parish Landfill, LLC is "a Delaware limited liability company, which, upon information and belief, operates the Webster Parish landfill." No further information about its citizenship is provided.

Plaintiff is directed to file another motion for leave to amend its complaint by **March 25, 2015** and set forth in the proposed amendment all necessary information about the new

defendant's citizenship, which requires identification of its members and allegations of their citizenship in accordance with applicable rules. This must be traced through however many layers of members there may be. Adams v. Wal-Mart Stores, Inc., 2014 WL 2949404 (W.D. La. 2014). If it is determined that Waste Commanders shares Louisiana citizenship with the new defendant, Waste Commanders will have to make its case under Hensgens v. Deere & Co., 833 F.2d 1179 (5th Cir. 1987) as to whether the court should allow joinder of the defendant, which would require remand for lack of subject-matter jurisdiction, or deny joinder and proceed in federal court. Even if the amended complaint did not technically require leave under Fed. R. Civ. Pro. 15, the court retains discretion as to whether to allow the filing of the amendment if it would destroy diversity. Watson v. Daniel, 2015 WL 737650 (W.D. La. 2015). Accordingly, the court may strike the amended complaint if it determines that it would destroy diversity jurisdiction and the Hensgens factors have not been satisfied.

The court recognizes that Waste Commanders may not have the membership/citizenship information for Webster Parish Landfill, LLC readily available to it, depending on the degree of communication that has been established among counsel. Waste Commanders may file a motion for extension of time if necessary, but it should proceed promptly so that this preliminary issue may be resolved and scheduling of the case may move forward. Webster Parish Landfill, LLC is encouraged to promptly provide the required membership/citizenship information so that the issue may be resolved without undue

delay or expense to the parties. If the information is not provided voluntarily, Waste Commanders is granted to leave to issue subpoenas or take depositions as needed with respect to this issue.

 THUS DONE AND SIGNED in Shreveport, Louisiana, this 4th day of March, 2015.

             _____
             Mark L. Hornsby
             U.S. Magistrate Judge